IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE CEMENT MASONS PENSION FUND, LOCAL 803; TRUSTEES OF THE CEMENT MASONS INSTITUTE OF CHICAGO, ILLINOIS; TRUSTEES OF THE CEMENT MASONS SAVINGS FUND, LOCAL 803; and TRUSTEEES OF THE CEMENT MASONS APPRENTICE EDUCATION AND TRAINING FUND, LOCAL 803,<br>　　　　　Plaintiffs,<br><br>v.<br><br>CAMP FLOORING & CONCRETE COATINGS, INC., an Illinois corporation,<br><br>　　　　　Defendant. | No.<br><br>FILED: AUGUST 11, 2008<br>08CV4531<br>JUDGE NORGLE<br>MAGISTRATE JUDGE BROWN<br><br>Judge TC<br><br>Magistrate judge |

## COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, complain against Defendant, **CAMP FLOORING & CONCRETE COATINGS, INC., an Illinois corporation,** as follows:

### COUNT 1

1.　(a)　Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185 (a) as amended.

　　(b)　Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2.　Venue is founded pursuant to 29 U.S.C. Section 1132 (e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3.　(a)　The Plaintiffs in this count are TRUSTEES OF THE CEMENT MASONS

PENSION FUND, LOCAL 803; TRUSTEES OF THE CEMENT MASONS INSTITUTE OF CHICAGO, ILLINOIS; TRUSTEES OF THE CEMENT MASONS SAVINGS FUND, LOCAL 803; AND TRUSTEES OF THE CEMENT MASONS APPRENTICE EDUCATION AND TRAINING FUND, LOCAL 803, ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

    (b)    The Funds have been established pursuant to collective bargaining agreements previously entered into between the Cement Masons Union and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

    (c)    The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4.    Defendant, **CAMP FLOORING & CONCRETE COATINGS, INC. ("CAMP")** an Illinois corporation who is an employer engaged in an industry affecting commerce.

5.    Since on or about September 13, 1989 **CAMP FLOORING AND CONSTRUCTION CO., INC.** has entered into successive collective bargaining agreements with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees (Exhibit "A").

6.    By virtue of certain provisions contained in the collective bargaining agreements, **CAMP** is bound by the Trust Agreement establishing the Funds as the successor corporate entity to **CAMP FLOORING AND CONSTRUCTION CO., INC.**

7. Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **CAMP** is required to make contributions to the Funds on behalf of their employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8. Plaintiffs are advised and believe that for the period **October 1, 2005 through March 31, 2008, CAMP** has failed to make some of the contributions, from time to time required to be paid by it to the Funds pursuant to the Terms of the collective bargaining agreements and Trust Agreements by which it is bound, all in violation of its contractual obligations and obligations under applicable state and federal statutes in the amount of **$22,039.60**, including benefits, late charges and audit costs.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. Judgment be entered on any amounts found to be due on the audit for the period **October 1, 2005 through March 31, 2008** for **$22,039.60**.

B. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

C. **CAMP** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

D.   This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

**TRUSTEES OF THE CEMENT MASONS PENSION FUND, LOCAL 803, et. al.**

By: s/Donald D. Schwartz
         One of their Attorneys

Donald D. Schwartz
**ARNOLD AND KADJAN**
19 West Jackson Blvd., Suite 300
Chicago, Illinois 60604
(312) 236-0415

## MEMORANDUM OF AGREEMENT

WHEREAS, the Northern Illinois District Council of the Operative Plasterers' and Cement Masons' International Association, consisting of Local Unions Nos. 502, 5, 362, 638, 161 and 803, have agreed to a reciprocity agreement in which wages, fringe benefits and dues structure shall be paid pursuant to the wage and benefit structures of the home local,

WHEREAS, the Employer acknowledges his Collective Bargaining Agreement with various locals and wishes to participate in this reciprocity agreement in order to have a uniformity of reporting wages and benefits for its members in all areas worked within the District Council, it is hereby agreed that the employer will comply with the terms of the Collective Bargaining Agreement,

WHEREAS, the Employer agrees that all other terms of the Collective Bargaining Agreement of the Local Union in which work is performed shall be complied with, it is therefore agreed that the signatory Employer may pay wages pursuant to the terms of the employee member's home local and to pay fringe benefits directly to the home local acknowledging the terms of the home local of the employee and that any check-off system shall be of the rate of the home local.

IN WITNESS WHEREOF, and in consideration of the mutual promises of the parties hereto, and other good and valuable consideration, this Agreement was entered into this 13 day of SEPTEMBER, 19 89.

BY: _____
     Employer

NORTHERN ILLINOIS DISTRICT COUNCIL of O.P. & C.M.I.A., consisting of Local Unions Nos. 502, 5, 362, 638, 161 and 803.

Gerald J. Horejs, President
Northern Illinois District Council

Robert Rittmueller, Secretary