IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **TRUSTEES OF THE CEMENT MASONS PENSION FUND, LOCAL 803; TRUSTEES OF THE CEMENT MASONS INSTITUTE OF CHICAGO, ILLINOIS; TRUSTEES OF THE CEMENT MASONS SAVINGS FUND, LOCAL 803; and TRUSTEES OF THE CEMENT MASONS APPRENTICE EDUCATION AND TRAINING FUND, LOCAL 803,**<br><br>      **Plaintiff,**<br><br>    v.<br><br>**CAMP FLOORING & CONCRETE COATINGS, INC., an Illinois corporation,**<br><br>      **Defendant.** | No. 08-CV-4531 |

## DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant, Camp Flooring & Concrete Coatings, Inc., by its attorneys, hereby states the following as its Amended Answer to Plaintiff's Complaint:

### COUNT I

1.    (a)    Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185 (a) as amended.

**ANSWER:**    Defendant admits the allegations contained within Paragraph 1(a) of the Complaint.

(b)    Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

     **ANSWER:**    Defendant admits the allegations contained within Paragraph 1(b) of the Complaint.

    2.    Venue is founded pursuant to 29 U.S.C. Section 1132 (e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

     **ANSWER:**    Defendant admits the allegations contained within Paragraph 2 of the Complaint.

    3.    (a)    The Plaintiffs in this count are TRUSTEES OF THE CEMENT MASONS PENSION FUND, LOCAL 803; TRUSTEES OF THE CEMENT MASONS INSTITUTE OF CHICAGO, ILLINOIS; TRUSTEES OF THE CEMENT MASONS SAVINGS FUND, LOCAL 803; AND TRUSTEES OF THE CEMENT MASONS APPRENTICE EDUCATION AND TRAINING FUND, LOCAL 803, ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

     **ANSWER:**    Defendant admits the allegations contained within Paragraph 3(a) of the Complaint.

    (b)    The Funds have been established pursuant to collective bargaining agreements previously entered into between the Cement Masons Union and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

     **ANSWER:**    Defendant admits the allegations contained within Paragraph 3(b) of the Complaint.

    (c)    The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

     **ANSWER:**    Defendant admits the allegations contained within Paragraph 3(c) of the Complaint.

4.	Defendant, CAMP FLOORING & CONCRETE COATINGS, INC. ("CAMP") an Illinois corporation who is an employer engaged in an industry affecting commerce.

**ANSWER:**	Defendant admits the allegations contained within Paragraph 4 of the Complaint.

5.	Since on or about September 13, 1989 CAMP FLOORING AND CONSTRUCTION CO., INC. has entered into successive collective bargaining agreements with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees (Exhibit "A").

**ANSWER:**	Defendant admits the allegations contained within Paragraph 5 of the Complaint.

6.	By virtue of certain provisions contained in the collective bargaining agreements, CAMP is bound by the Trust Agreement establishing the Funds as the successor corporate entity to CAMP FLOORING AND CONSTRUCTION CO., INC.

**ANSWER:**	Defendant admits the allegations contained within Paragraph 6 of the Complaint.

7.	Under the terms of the collective bargaining agreement and Trust Agreements to which it is bound, CAMP is required to make contribution to the Funds on behalf of their employees and, when given reasonable notice by Plaintiff or their representatives, to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the funds.

**ANSWER:**	Defendant admits the allegations contained within Paragraph 7 of the Complaint.

8.	Plaintiff's are advised and believe that for the period October 1, 2005 through March 31, 2008, CAMP has failed to make some of the contributions, from time to time required to be paid by it to the Funds pursuant to the Terms of the collective bargaining agreements and Trust Agreements by which it is bound, all in violation of its contractual obligations and obligations under applicable state and federal statues in the amount of $22,039.60, including benefits, late charges and audit costs.

**ANSWER:**	Defendant denies the allegations contained within Paragraph 8 of the Complaint.

-4-

## AFFIRMATIVE AND OTHER DEFENSES

1.  Plaintiffs' claims are barred to the extent that they failed to satisfy all requisite conditions precedent to filing this action.

2.  Some or all of Plaintiffs' claims are barred to the extent Plaintiff has failed to exhaust the required administrative prerequisites to suit.

3.  Plaintiffs' claims are barred under the doctrine of accord and satisfaction

4.  Defendant reserves the right to plead additional affirmative and other defenses as they become known through discovery.

/s/ Frederick L. Schwartz
Frederick L. Schwartz (#06204341)

Frederick L. Schwartz (#06204341)
Jordan Goodman
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520

Dated: September 4, 2008

-5-

## CERTIFICATE OF SERVICE

I, Frederick L. Schwartz, certify that on September 4, 2008, a copy of the foregoing *Defendant's Amended Answer and Affirmative Defenses to Plaintiff's Complaint* was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Donald D. Schwartz<br>
Arnold and Kadjan<br>
19 West Jackson Blvd., Suite 300<br>
Chicago, Illinois 60604

    /s/ Frederick L. Schwartz